IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSANNA M. ZOETMULDER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>    Defendant. | Case No. 2:08-CV-280-SA<br><br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the court is an action filed by Plaintiff, Susanna M. Zoetmulder, asking the court to reverse the final agency decision denying her applications for Disability Insurance Benefits (hereafter "DIB") and Supplemental Security Income (hereafter "SSI") under Titles II and XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-403, 1381-83c.  Plaintiff now challenges the decision of the Administrative Law Judge (hereafter "ALJ") by arguing that it is legally erroneous and not supported by substantial evidence.

Having carefully considered the parties' memoranda and the complete record in this matter, the court affirms the ALJ's decision.

**BACKGROUND**

Plaintiff filed for DIB and SSI on October 11, 2006, alleging an inability to work due to back pain.  (Docket Entry #12, the certified copy of the transcript of the entire record of the administrative proceedings relating to Susanna M. Zoetmulder (hereafter "Tr. __") 89-97.)  After her applications were denied initially and upon reconsideration (Tr. 46-57, 61-66), a hearing was held before an ALJ on October 12, 2007 (Tr. 27-45).  On November 16, 2007, the ALJ issued a decision denying Plaintiff's claim.  (Tr. 8-19.)  The Appeals Council then denied Plaintiff's request for review (Tr. 2-6), and the ALJ's decision became the Commissioner's final decision.  *See* 20 C.F.R. §§ 404.981, 416.1481.  As such, Plaintiff has exhausted her administrative remedies and the case is ripe for judicial review.  *See* 42 U.S.C. § 405(g).

On April 14, 2008, after receiving the Appeals Council's denial of her request for review, Plaintiff filed her complaint and the case was assigned to United States District Judge Dee Benson.  (File Entry #3.)  Defendant then filed his answer on June 16, 2008.  (File Entry #5.)  On November 13, 2008, the case was reassigned to United States District Judge Clark Waddoups.  (Docket Entry #7.)  On December 5, 2008, the parties consented to jurisdiction by a United States Magistrate Judge, and the case

was referred to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(c). (Docket Entry #8.)

On March 9, 2009, Plaintiff filed her memorandum requesting that the Commissioner's decision be reversed or remanded. (File Entry #13.) Defendant filed his response memorandum on May 15, 2009. (File Entry #17.) On June 1, 2009, Plaintiff filed her reply memorandum. (File Entry #19.)

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *accord Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "'Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Doyal*, 331 F.3d at 760 (citations omitted). The court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (citation omitted).

The court's review also extends to determining whether the Commissioner applied the correct legal standards. *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Besides the lack of substantial evidence, reversal may be appropriate where the

Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Secretary of Health and Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

**ANALYSIS**

Plaintiff challenges the ALJ's decision by arguing it is not supported by substantial evidence and it is legally erroneous. Specifically, Plaintiff argues: (1) the ALJ erred in failing to find that Plaintiff's depression and anxiety are severe impairments; (2) the ALJ improperly evaluated Plaintiff's credibility; (3) the ALJ improperly determined Plaintiff's residual functional capacity (hereafter "RFC"); (4) the ALJ improperly determined that Plaintiff could return to her past relevant work; and (5) the ALJ violated Social Security Ruling 00-4P in not resolving the conflict between the testimony of the vocational expert (hereafter "VE") and the Dictionary of Occupational Titles (hereafter "DOT").  The court examines each of these arguments in turn.

**A.  Severe Impairments**

The court first addresses Plaintiff's argument that the ALJ erred in failing to find that Plaintiff's depression and anxiety are severe impairments.

At step two of the sequential evaluation process, Plaintiff bears the burden showing that her alleged depression and anxiety constitute "severe" impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987); *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). Specifically, Plaintiff bears the burden to "demonstrate an impairment or combination of impairments that *significantly* limits the claimant's ability to do basic work activity." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing 20 C.F.R. § 404.1520(c)) (emphasis added); 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 404.1521(a), 416.920(a)(4)(ii) and (c), 416.921(a) (requirement for showing a severe impairment); *see also* SSR 96-3p (an impairment is not severe if it "has no more than a minimal effect on the ability to do basic work activities"). Although step two requires only a "de minimis" showing of a severe impairment, *see Hawkins*, 113 F.3d at 1169, "the claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (*citing Bowen*, 482 U.S. at 153); *see also Williamson v. Barnhart*, 350 F.3d 1097, 1110 (10th Cir. 2003) (the mere presence of a condition, without proof that the condition limits basic work activities, is insufficient for a step two showing).

Plaintiff has not met her burden of establishing a severe impairment in this case. As the ALJ explained, the evidence during the relevant period does not demonstrate that Plaintiff's

5

alleged depression and anxiety caused more than mild limitations on her ability to perform basic work-related activities.  (Tr. 14.)  The ALJ noted that Dr. Ririe, a consultative psychologist, did not find symptoms supporting depression and anxiety, but gave a provisional diagnosis of alcohol abuse.  (Tr. 14, 225.)  The ALJ also noted that state agency evaluating psychologist Nancy Cohn did not find evidence to support a medically determinable mental impairment.  (Tr. 14, 227.)  In addition, the ALJ noted that Dr. Atkins, the testifying medical expert, stated that Plaintiff had depression and anxiety, but concluded that these conditions imposed no restriction on activities of daily living and only mild difficulties with attention, concentration, and social functioning.  (Tr. 14, 40.)

The ALJ gave no weight to Dr. Ponce's opinion and assessment in reaching his conclusion that Plaintiff's depression and anxiety did not qualify as "severe" impairments.  (Tr. 18.)  Dr. Ponce opined that Plaintiff had severe anxiety that caused moderate or marked limitations in her ability to understand and carry out instructions; interact with the public, co-workers, and supervisors; respond to work pressures; and respond to changes in the routine work setting.  (Tr. 14, 244-45.)  An ALJ may properly discount a treating physician's opinion if the doctor's conclusions are not supported by specific findings.  *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also Bean v. Chater*, 77 F.3d 1210, 1213

(10th Cir. 1995) (the statement of a physician that claimant had "severe" limitations in standing, walking, stooping, bending, lifting, carrying, and climbing stairs could be rejected by the ALJ as generic and not accurately assessing claimant's true functional capabilities).  In addition, an ALJ may reject a treating physician's opinion when his treatment records do not support his opinion. *See White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002) (inconsistencies between a treating physician's very restrictive functional assessment and her contemporaneous examination was a legitimate factor for rejecting that opinion). An ALJ may also reject a treating physician's opinion when the opinion is inconsistent with the claimant's daily activities. *See Castellano*, 26 F.3d at 1029 (ALJ properly considered inconsistencies between treating physician's opinion and the claimant's daily activities).

In rejecting Dr. Ponce's opinion regarding Plaintiff's depression and anxiety, the ALJ noted the "paucity of supporting medical evidence and the lack of supporting treatment records" from Dr. Ponce.  (Tr. 14.)  In other words, Dr. Ponce provided no explanation for his opinion that Plaintiff has "severe" anxiety that caused moderate and marked limitations; therefore, the ALJ properly concluded Dr. Ponce's opinion was not supported by specific findings and, therefore, was not entitled to weight. *See Bean*, 77 F.3d at 1213; *Castellano*, 26 F.3d at 1029.  In fact, Dr. Ponce's records mainly include check-the-box forms that

7

provide no insight into the basis for his diagnoses and opinions (Tr. 244-254). *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (explaining that a physician's report consisting only of a check-the-box evaluation form is not substantial evidence that supports a finding of disability).

    The ALJ also properly rejected Dr Ponce's opinions because they were not supported by his own treatment records. *See White*, 287 F.3d at 907-08; *Castellano*, 26 F.3d at 1029. Dr. Ponce's check-the-box treatment records consistently report normal speech and thought content, logical thought process, "good" or "ok" mood, normal or mildly limited affect, fair or good judgment, and moderate or high motivation. These treatment records do not support Dr. Ponce's opinion that Plaintiff's depression and anxiety caused moderate or marked limitations in her ability to engage in work-related activities like understanding and following instructions, interacting with the public and co-workers, or handling routine work stress and changes. (Tr. 248-54.) Dr. Ponce's Statement of Ability to Do Work-Related Activities similarly stated that Plaintiff had poor memory, was isolated, and had poor relationships (Tr. 245), when there is no documentation of these problems in his treatment records. Although Dr. Ponce occasionally describes Plaintiff's insight as impaired, he provides no explanation as to how this affected her ability to work. (Tr. 250-51.) *See Bean*, 77 F.3d at 1213; *Castellano*, 26 F.3d at 1029. Moreover, at the time Dr. Ponce

8

offered his assessment, Plaintiff was working as a cashier, a job that required her to interact with the public (Tr. 33, 152, 251), demonstrating that his opinions were inconsistent with Plaintiff's daily activities. *See Castellano*, 26 F.3d at 1029. As such, the ALJ properly concluded that Dr. Ponce's unsupported and non-specific opinion did not require a finding that Plaintiff's depression and anxiety were "severe" impairments that significantly limited Plaintiff's ability to perform work-related activities.

Thus, the record, as recited above, does not contain evidence that Plaintiff's depression and anxiety significantly limit Plaintiff's ability to do basic work activity. *See* SSR 96-3p. As such, the ALJ's finding regarding Plaintiff's severe impairments, which did not include depression and anxiety, is supported by substantial evidence.

Even if the ALJ did err by not including depression and anxiety as severe impairments at step two, such an error would not require reversal. Once the ALJ found Plaintiff had any severe impairment, he satisfied the analysis for purposes of step two; the ALJ's failure to find that additional alleged impairments were also severe was not in itself cause for reversal. *See Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). "Under the regulations, once an ALJ finds that a claimant has at least one severe impairment, he does not

err in failing to designate other disorders as severe at step two, because at later steps the agency 'will consider the combined effect of all of [claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'"  *Barrett v. Astrue*, 2009 WL 2400267, at *2 (10th Cir. 2009) (unpublished) (citing and quoting 20 C.F.R. §§ 404.1523, 416.945(e)); *see also Hill v. Astrue*, 289 Fed. Appx. 289, 2008 WL 3339174, at **2 (10th Cir. 2008) (unpublished).

The ALJ was required to consider all of Plaintiff's impairments, both those that were "severe," and those that were not severe, at step four of his analysis.  The court will examine below whether the ALJ properly included those impairments in his analysis.

In conclusion, the court rejects Plaintiff's argument that reversal is required due to the ALJ's failure to include depression and anxiety among Plaintiff's "severe" impairments at step two of his analysis.

### B.  Plaintiff's Credibility

Second, the court examines Plaintiff's argument that the ALJ improperly evaluated Plaintiff's credibility.  The court typically defers to the ALJ on issues of witness credibility. *See Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992).  Nonetheless, "'[f]indings as to credibility should be closely and affirmatively linked to

substantial evidence.'" *Winfrey*, 92 F.3d at 1020 (citation omitted).

Plaintiff argues that the ALJ simply listed the factors he considered in assessing Plaintiff's credibility rather than actually considering those factors in terms of the actual record. The court disagrees.  Tenth Circuit law "does not require a formalistic factor-by-factor recitation of the evidence . . . [s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ listed the factors in evaluating Plaintiff's credibility statements from 20 C.F.R. §§ 404.1529(c) and 416.929(c).  The ALJ then spent the next couple of pages of his decision identifying evidence from the record that related to the factors and supported his credibility determination.  As part of that analysis, the ALJ pointed out inconsistencies in the record, such as Plaintiff's last doctor's visit note with the pain specialist on November 20, 2006, when the pain specialist indicated Plaintiff was doing significantly better and was being weaned off of Methadone, then the medical record from August 2007, that showed Plaintiff had continued to get Methadone from a family practice doctor, though no treatment notes were in the record explaining why the medication was continued contrary to the pain specialist's advice.

The ALJ also pointed out inconsistencies in Plaintiff's testimony regarding her alcohol use; although Plaintiff argues

her alcohol use is irrelevant to whether she experiences pain, the ALJ was not incorrect in using this inconsistency in evaluating whether Plaintiff's testimony was credible.  The ALJ also pointed out inconsistencies in the record as to Plaintiff's statements about how her back pain began, supporting the ALJ's finding that Plaintiff's statements to the doctors themselves was not entirely credible.  The ALJ also noted, in going over the record evidence, that the record did not contain significant radiological or examination evidence to support the extent of Plaintiff's alleged pain or functional limitations.

The court concludes that the ALJ's finding as to Plaintiff's credibility was closely and affirmatively linked to substantial evidence.  *See Winfrey*, 92 F.3d at 1020.  As such, the court rejects Plaintiff's challenge to the ALJ's credibility assessment.

### C. RFC Determination

Third, Plaintiff challenges the ALJ's determination of Plaintiff's RFC.  Plaintiff again argues that the ALJ's assessment appears as a conclusion with no reasoning and no citation to specific facts, making it impossible for the court to review the process to determine whether the ALJ followed the correct legal standards.  Further, Plaintiff argues the RFC determination is not supported by substantial evidence.

Having carefully reviewed the ALJ's decision, the court rejects Plaintiff's argument.  As discussed above, the ALJ

reviewed Plaintiff's medical record; in doing so, the ALJ assessed Plaintiff's credibility and explained why he was giving no significant weight to Dr. Ponce's opinion and greater weight to the treating pain specialist's and examining psychologist's opinions. (Tr. 16-18.) The ALJ explained that he relied on the 2004 medical records, even though Plaintiff's period of disability allegedly began in 2006, because the earlier medical records contained specific functional assessments made by Plaintiff's treating doctor that were linked to Plaintiff's examinations, while Dr. Ponce's prescriptions and functional assessments did not appear to be linked to any kind of physical examination or laboratory test. (Tr. 16-18.) The ALJ explained that the record does not contain anything that would support an increase in Plaintiff's back pain, such as an injury or some kind of diagnostic test, so the 2004 records containing her treating doctor's functional assessments were helpful in evaluating Plaintiff's limitations. (Tr. 17-18.)[1]

---

[1] Shortly after she filed her disability application, Plaintiff reported that she continued to work three days per week at a job that required her to be on her feet eight hours per day and frequently lift 20 pounds. (Tr. 136.) Although Plaintiff later switched to a "less physical" job, at the time of the hearing before the ALJ, she was working up to seven hours a day at a job that required her to bag groceries and be on her feet most of the time (although she had the option to sit if she needed to). (Tr. 33, 152.) This evidence of Plaintiff's continued work activities also supports the ALJ's residual functional capacity analysis and credibility findings. *See Bean*, 77 F.3d at 1213 (a claimant's prior work history can be considered in evaluating credibility); *Markham v. Califano*, 601 F.2d 533, 534 (10th Cir. 1979) ("Ability to . . . do some work on

The court notes that the ALJ also considered Plaintiff's anxiety in making his RFC determination. The ALJ explained that, although a prescription for Valium may be appropriate for anxiety, the record did not contain any other documented evidence, other than the prescription, to support the diagnosis of anxiety, including the consultative psychologist's notes. (Tr. 18.) Therefore, the ALJ considered Plaintiff's claims of anxiety, but determined that the record did not support that they were of notable significance.

Thus, the ALJ recited evidence from the record to explain, in detail, his RFC determination. Also, the ALJ's RFC determination is supported by substantial evidence in the record, as set forth in his opinion. As such, the court rejects Plaintiff's argument challenging the ALJ's RFC determination.

### D.  Returning to Past Relevant Work

Fourth, Plaintiff argues that the ALJ improperly determined that Plaintiff could return to her past relevant work. Plaintiff's argument is based in large part on her challenge of the ALJ's RFC determination, which the court has rejected. In addition, Plaintiff's argument regarding the number of jobs being less than 360,000 is misdirected, as pointed out by Defendant

---

an intermittent basis does not necessarily establish that a person is able to engage in 'substantial gainful activity,' but such activities may be considered by the [Commissioner], along with medical testimony, in determining the right of a claimant to disability payments under the Act").

(Docket Entry #17, n.11).  Furthermore, as Defendant explains in his brief, *Doyal* allows for the ALJ to rely on the VE's testimony.  *See Doyal*, 331 F.3d at 761.

    The court has reviewed all of Plaintiff's challenges to the ALJ's determination that Plaintiff could return to her past relevant work, and concludes they are all misdirected.  In addition, the court concludes the ALJ's finding was legally correct and supported by substantial evidence.  Therefore, the court rejects Plaintiff's challenge to the ALJ's finding that Plaintiff could return to her past relevant work.

### E.  SSR 00-4p

    Finally, Plaintiff argues the ALJ erred by failing to resolve the conflict between the VE's testimony and the DOT, in violation of SSR 00-4p.  SSR 00-4p imposes an affirmative duty on the ALJ to inquire about actual and apparent conflicts between VE testimony and information contained in the DOT.  Before relying on VE testimony to deny a claim, the ALJ must ask the VE how the exertional and nonexertional requirements of identified jobs correspond with the DOT and elicit a reasonable explanation for any discrepancy.  *See Hackett v. Banhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  Defendant argues that any error in not questioning the VE was harmless because no conflict exists between the VE's testimony and the DOT.

    Having carefully reviewed the parties' arguments, the court concludes that no conflict exists, and therefore, any error in

not questioning the VE regarding a conflict was harmless.  As
Defendant argues, the DOT descriptions of Plaintiff's past
relevant work as food service manager (DOT 187.167-106), mail
clerk (DOT 208.687-026), cashier (211.462-010), and automobile
service estimator (620.261-018) do not include any requirements
for repetitive bending, twisting, or work in awkward positions.
Although the VE testified based on her own knowledge and
experience, that there would be some erosion of the job base with
a sit/stand option, this testimony did not give rise to a
conflict when the DOT itself does not say anything to the
contrary.[2]  Plaintiff herself has not clearly pointed to any
specific conflict between the DOT and the VE's testimony.  As a
result, the court rejects Plaintiff's argument.

---

[2]As Defendant points out, the ALJ could have relied
exclusively on the DOT's description of Plaintiff's past jobs as
presumptively applicable to her prior work.  See C.F.R. §§
404.1566(d)(1), 416.966(d)(1).  As Defendant notes, the VE's
testimony is actually more favorable to Plaintiff than would be
the DOT because the VE testified the sit/stand option would cause
erosion to the job base for Plaintiff's past relevant work, when
the DOT does not address this issue one way or the other.  See
Campbell v. Bowen, 822 F.2d 1518, 1523 n.3 (10th Cir. 1987)
(stating in dicta that when VE's testimony conflicts with DOT,
DOT controls).

**CONCLUSION**

Based on the above analysis, **IT IS HEREBY ORDERED** that the ALJ's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.[3]

DATED this 22nd day of September, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge

---

[3] The court acknowledges, based on Plaintiff's representation, that Plaintiff was found disabled as of February 7, 2008, in a January 30, 2009 ALJ decision. Plaintiff argues that, based on this recent finding of disability, this court must remand the case "to remedy the issues in this important matter." (Docket Entry #19, at 9.) However, this court is bound to review the ALJ's decision according to the standard of review, set forth above, and to the record before it. As explained in the court's opinion, Plaintiff has not identified any reversible error in the ALJ's decision, and the court's review of the record and the ALJ's decision reveals that the decision is supported by substantial evidence and is free of reversible legal error.